IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI RAE HAYS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Civil Action No. 11-408 |

ORDER

AND NOW, this 2nd day of January, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff contends that the ALJ "improperly rejected" the opinion of Dr. Berschling – a consultative examiner – who found that Plaintiff had "marked limitations" in her ability to understand, remember, and carry out instructions and in her ability to respond appropriately to supervision, coworkers, and work pressures in a work setting. See (Doc. No. 6-7) at 70. Plaintiff also argues that the failure to afford proper weight to his opinion led to an inaccurate Residual Functional Capacity ("RFC") and an inaccurate hypothetical to the Vocational Expert ("VE"). The Court disagrees and finds that substantial evidence supports the ALJ's decision to afford less weight to Dr. Berschling's opinion.

Plaintiff's contentions are completely devoid of merit. Contrary to her repeated assertions to the contrary, the ALJ did not reject the opinion of Dr. Berschling, but instead gave it little probative weight in light of several factors. See (Doc. No. 6-2) at 15-16. Specifically, the ALJ chose to credit treating source records which extend over a period of time over a one-time examination conducted by a psychiatrist who lacks a treatment relationship with Plaintiff. The ALJ specifically found that his opinion was inconsistent with Plaintiff's longitudinal record which shows consistent GAF scores of 60, indicating moderate limitations at best. (Id.) at 15. The ALJ also considered the context of the examination, which took place after the hearing and at the ALJ's direction. Id. The ALJ had left the record open so that counsel could obtain a statement from Plaintiff's doctors setting forth her functional limitations; however, no such report was obtained so the ALJ arranged for Plaintiff to undergo a consultative mental status examination with Dr. Berschling. The ALJ considered Plaintiff's motivation to exaggerate her symptoms during this examination as it was being conducted in support of her disability claim. (Id.) at 15-16. The ALJ explicitly stated that "her motivation in this context may have been quite different from that involved in her treatment sessions, where she is seen for the purpose of treating and decreasing her symptoms." (Id.) at 15. The ALJ found that Dr. Berschling's report contained many symptoms which were "rarely reported" in the longitudinal record and that many of his findings conflicted with the results of Plaintiff's mental status examinations which had been "generally benign." (Id.) at 15. In light of the

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

> s/Alan N. Bloch
> United States District Judge

ecf:    Counsel of record

---

inconsistency between Dr. Berschling's opinion and Plaintiff's longitudinal record, the ALJ found that his opinion over-relied on Plaintiff's subjective complaints and that he "stated what the [Plaintiff] actually does rather than his professional opinion of what she can do." (Id.) at 15. In this regard, the Court notes that over-reliance on Plaintiff's subjective complaints is but one of many factors the ALJ considered in giving less weight to his opinion. The Court also notes that despite Dr. Berschling's findings of marked limitations, he checked "no" in response to the questions of whether Plaintiff's ability to understand, remember, and carry out instructions is affected by her impairments and whether her impairments limit her ability to respond appropriately to supervision, co-workers, and work pressures in a work setting. See (Doc. No. 6-7) at 70. Interestingly, his report shows that he originally denoted Plaintiff as having "moderate" limitations in both these categories; however, the findings of moderate limitations were scratched out and replaced with findings of marked limitations in these categories. See (id.).

   The Court finds that substantial evidence supports the ALJ's determination that Plaintiff is not disabled. The Court further finds that the ALJ thoroughly explained his reasoning for why he chose to give more weight to Plaintiff's treatment records and that substantial evidence also supports his decision to give less weight to the opinion of Dr. Berschling. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). As a result, the ALJ's RFC determination is supported by substantial evidence because it accounts for all of Plaintiff's credibly established limitations. See Covone v. Comm'r of Soc. Sec., 142 Fed. Appx. 585, 587 (3d Cir. 2005).